IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eng Phomphackdi, #305819 ) | C/A No. 9:05-3084-DCN-GCK |
| Plaintiff, ) | |
| v. ) | **ORDER and OPINION** |
| Spartanburg County; Spartanburg County ) Jail; Cpl. Heard Mercer; and Spartanburg ) County Sheriff ) | |
| Defendants. ) | |

This matter is before the court on the magistrate judge's Report and Recommendation ("Report"). This record includes the Report of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the magistrate judge's recommendations are adopted in part, and the court grants in part and denies in part defendants' motion for summary judgment.

**I.     BACKGROUND**

Proceeding pro se, plaintiff seeks relief under 42 U.S.C. § 1983 for an alleged incident which occurred while he was incarcerated at the Spartanburg County Detention Facility ("SCDF"). Plaintiff alleges that on December 17, 2003, Corporal Mercer, acting without provocation, grabbed plaintiff's neck, choked him, threw him to the floor, and beat him about his head and face. Plaintiff was taken to the Spartanburg Regional Healthcare System Emergency Department where he was diagnosed with a fractured nose, facial lacerations, and a contusion around his face and scalp. Plaintiff alleges he was subsequently punished by being placed in a maximum security cell for approximately eight months, until August 13, 2004. Plaintiff alleges the use of excessive

force in violation of 42 U.S.C. § 1983 and state tort claims of gross negligence (assault and battery) pursuant to the S.C. Torts Claims Act. This case was automatically referred to the magistrate judge, who recommended granting defendants' motion for summary judgment. Plaintiff subsequently filed several objections to the magistrate judge's Report.

## II.      STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's Report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, this court need not review any findings or recommendations to which neither party objects. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from district court's judgment on magistrate judge's recommendation on party's filing of objections with the district court); Thomas, 474 U.S. at 155 (upholding similar procedural rules). A general objection that is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at

trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251.

### III.     PRO SE COMPLAINT

Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Serv., 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.     ANALYSIS

The magistrate judge concluded that defendants were entitled to summary judgment because: (1) plaintiff failed to establish, for purposes of his excessive force claim under § 1983, that defendants' actions were punitive in nature or that he suffered

more than <u>de minimis</u> injuries; (2) plaintiff did not establish that his placement on administrative segregation was punitive in nature so that it deprived him of due process of law; (3) there was no evidence in the record that the December 17, 2003 incident was prompted by plaintiff's Laotian heritage so as to give rise to a claim for discrimination; (4) plaintiff failed to establish evidence that he was denied access to the courts; (5) there is no evidence that SCDF was grossly negligent so as to subject it to liability under the South Carolina Tort Claims Act; (6) defendant Spartanburg County's policies regarding the SCDF are not implicated; (7) defendant Spartanburg County Sheriff is entitled to Eleventh Amendment protection; (8) defendant Spartanburg County Detention Center is not a "person" and is not subject to suit under § 1983;[1] and (9) defendant Corporal Mercer is entitled to qualified immunity.

    A.    <u>Plaintiff's Claim under section 1983</u>

Plaintiff objects to the magistrate judge's conclusion that there is no evidence that: (1) Officer Mercer's actions were employed in a malicious or sadistic manner, and (2) plaintiff's injuries were anything more than <u>de minimis</u> in nature. This court agrees with plaintiff and denies defendants' motion for summary judgment on this claim.

The Fourth Circuit has held that excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. <u>Taylor v. McDuffie</u>, 155 F.3d 479, 483 (4th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1181(1999). To succeed with such a claim, plaintiff must first demonstrate he suffered "'unnecessary and wanton pain and suffering.'" <u>Taylor</u>, 155 F.3d at 483 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 320

---

[1] Plaintiff did not object to this finding.

(1986)). The proper analysis under the Fourteenth Amendment is "whether the force applied was 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. at 483 (quoting Whitley, 475 U.S. at 320-21).

> "Even if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided," plaintiff must also demonstrate that the injuries were "more than de minimis" or that "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to be more than de minimis injury."

Carr v. Deeds, 453 F.3d 593, 605-06 (quoting Taylor, 155 F.3d at 483) (alterations in original).

The magistrate judge first determined that Corporal Mercer's use of force was appropriate under the circumstances and under jail policy. (Report at 12.) In reaching this conclusion, the magistrate judge accepted defendants' accounts of the incident. For example, an incident report completed by Corporal Mercer states that after he told plaintiff to go to his room for yelling in the Pod, plaintiff became very aggressive, picked up a chair, started slamming the chair on a table, and then approached Corporal Mercer with the chair raised as if he were about to strike him with it. (Defs.' Mot. Summ. J., Ex. B at 5-6.) However, plaintiff has submitted an affidavit that clearly disputes the allegations set forth in the incident reports of Corporal Mercer and an assisting officer, Officer Atkins. In his affidavit, plaintiff states:

> On December 17, 2003 I came out of my cell and sat in a chair watching TV, not from the recreation court as Cpl. Mercer's report claims.
>
> Officer Mercer came over to the TV and turned it so I could not see it.

5

> Officer Mercer had previously made fun of me because of my foreign descent and language.
>
> After exchanging some words, Cpl. Mercer told me to go to my cell so I picked up my chair and put it back on the table as is required prior to an inmate returning to his cell from the TV area.
>
> I did not approach Cpl. Mercer with a chair in my hand as claimed in the incident reports of Mercer and Atkins.
>
> After I put the chair on the table, Cpl. Mercer put his hands around my neck, chocked me and threw me to the floor and punched me repeatedly with his fist without just cause.
>
> I sustained a fractured nose and deep lacerations on my face as a result of being beaten by Cpl. Mercer.

(Pl.'s Aff. ¶ 4-10.)  Taking this evidence into account, it is apparent that a jury could conclude that Mercer's force was either malicious or sadistic.  Plaintiff's account of the events presents a situation of unprovoked and unwarranted use of force against him and presents a genuine issue of material fact for a jury to decide.

The magistrate judge next found that plaintiff's claim should be dismissed even if there is a genuine issue of material fact as to whether Corporal Mercer behaved maliciously or sadistically because plaintiff's injuries were no more than de minimis in nature.  In Taylor, the Fourth Circuit confronted the issue of an excessive force claim by a detainee where the plaintiff only suffered de minimis injuries.  While the plaintiff in Taylor claimed he suffered several injuries to his mouth, nose, and lower back resulting from an altercation with officers, his medical records disclosed that "no scalp lesions, bone fractures, swelling in the tissue around the spinal column, cracked teeth, or injuries to his nose were found."  Taylor, 155 F.3d at 482.  The Fourth Circuit concluded that the plaintiff's slight swelling in the jaw area and irritation of his mucous membranes were

6

"precisely the type of injury this Court considers de minimis."  Id.

In the matter sub judice, plaintiff suffered a fractured nose and lacerations on his face.  This court finds plaintiff's injuries are not de minimis in nature and constitute "more than trifling injury or negligible force."  Riley, 115 F.3d at 1167.  Unlike Taylor and Riley, plaintiff's injuries are of a serious nature and are well documented in his medical records.  (Def.'s Mem. Supp. Summ. J., Ex. C & D).

In the light most favorable to plaintiff, plaintiff has adequately alleged that Corporal Mercer's employed force against him in a malicious or sadistic manner.  Additionally, the evidence supports plaintiff's claims that his resulting injuries were more than de minimis.  This court disagrees with the magistrate judge and finds that plaintiff may proceed with his excessive force claim.

> B        Plaintiff's Due Process and Equal Protection Claims

Plaintiff next objects to the magistrate judge's determination that defendants did not violate his due process rights in placing him in administrative segregation.  Plaintiff asserts that he was kept in "solitary confinement" for over 240 days without the benefit of a hearing or a chance to call witnesses.  (Pl.'s Obj. 15.)  In response, the government asserts plaintiff was actually placed in "administrative segregation" to protect himself and the other inmates and to ensure order and safety at the SCDF.  The government contends that this type of confinement does not implicate any due process rights.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee."

Bell v. Wolfish, 441 U.S. 520, 535 (1979).  Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.  Id.  Because a pretrial detainee has not been found guilty of any crime, the government may only "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  Id. at 536.

As the Supreme Court has noted, "not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense."  Id.  In detaining a pretrial detainee, the government is entitled to "employ devices that are calculated to effectuate this detention."  Id.  The constitutionality of a measure imposed on a pretrial detainee depends on whether it was imposed as a punishment or whether it is imposed for some other legitimate purpose.  Id.  "Absent a showing of an expressed intent to punish on the part of detention facility officials, the determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Id. (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)).

In the matter sub judice, the magistrate judge agreed with the government and determined plaintiff's administrative segregation did not violate his constitutional rights. The magistrate judge found that, pursuant to the SCDF policies, administrative segregation is used to protect an inmate's safety, to protect other inmates from a

8

particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. (Report at 14.) The magistrate judge further found that plaintiff was initially placed on administrative segregation in September 2003, prior to the December 2003 incident that is the subject of this action. (Report at 15.) The magistrate judge ultimately determined that continuing plaintiff in administrative segregation was within the jail officials' broad discretion and did not violate plaintiff's due process rights.

      Plaintiff objects to the magistrate judge's findings, arguing that the record is incomplete. Additionally, plaintiff contends that he should have been afforded a hearing prior to being placed in administrative segregation. The court agrees with the magistrate judge's conclusion that plaintiff was not denied due process of law. Plaintiff was already in administrative segregation before the December 17, 2003 incident occurred and he continued to be in administrative segregation after this incident based upon his demonstrated aggressive behavior and to protect his well being as well as that of the other inmates. (Mercer Aff. at 3.) Because it was within the jail officials' discretion to find that plaintiff posed a danger to himself or others at SCDF, the court finds defendants' actions were not punitive in nature, and no hearing was necessary prior to continuing plaintiff in administrative segregation. Plaintiff was segregated pursuant to a legitimate government interest protecting his and the other inmates' well being. Furthermore, plaintiff's continued administrative segregation was not an excessive remedy. Plaintiff's administrative segregation was not a violation of his due process rights, and defendants' motion for summary judgment on this ground is granted.

### C.     Plaintiff's discrimination claim

Plaintiff objects to the magistrate judge's determination that there is no evidence that his discipline was a result of his Laotian heritage. After reviewing the record, the court agrees with the magistrate judge's determination that plaintiff has not met his burden on summary judgment with respect to this claim.

### D.     Plaintiff's claim that he was denied access to the courts

Plaintiff objects to the magistrate judge's determination that there is no evidence plaintiff was denied access to the courts. The magistrate judge found plaintiff was tried on his criminal charges with representation of counsel and has not challenged his conviction for any alleged failure of SCDF personnel to allow him to correspond with his attorney. Moreover, plaintiff has provided no evidence to support his claim that he was denied meaningful access to the courts. The court agrees with the magistrate judge's conclusion and finds defendants are entitled to summary judgment on this claim.

### E.     Plaintiff's claims under the South Carolina Tort Claims Act

Plaintiff objects to the magistrate judge's determination that defendants are entitled to summary judgment as to plaintiff's state law claims. In his Report, the magistrate judge analyzed plaintiff's state law claims as if they asserted claims only against the governmental entities. Under the liberal pleading standards, this court construes plaintiff's complaint as asserting state law claims against both Corporal Mercer individually and Spartanburg County.

#### *1.     State law claim against Corporal Mercer*

Under the South Carolina Tort Claims Act, Corporal Mercer would be liable only

if he acted outside the scope of his employment or if he acted with actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C. Code Ann. § 15-78-70(a), (b). Because this court has already determined that a jury question exists as to whether Corporal Mercer's actions against plaintiff were employed in a "malicious or sadistic manner," plaintiff has also demonstrated that there is a genuine issue as to whether Corporal Mercer acted with intent to harm so as to strip him of any immunity provided by the South Carolina Tort Claims Act. Therefore, plaintiff may proceed with his state law claim against Corporal Mercer.

### 2. *State law claim against Spartanburg County*

Spartanburg County could be subject to liability for state tort claims under the South Carolina Tort Claims Act under two scenarios. First, Spartanburg County could be liable under state law if it was at least grossly negligent in its confinement and supervision of plaintiff. See S.C. Code Ann. § 15-78-40, 15-78-60(25).[2] Although plaintiff has alleged that Spartanburg County was grossly negligent in its supervision and hiring of Corporal Mercer, the court agrees with the magistrate judge that plaintiff has failed to produce any evidence to support his allegations.

Spartanburg County could also be liable for the torts committed by its employees acting within the scope of their official duty without actual fraud, actual malice, intent to

---

[2] Section 15-78-60(25) provides that governmental entities are not liable for a loss resulting from the

> responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.

harm, or a crime involving moral turpitude. See S.C. Code Ann. § 15-78-40; S.C. Code Ann. § 15-78-60(17). Thus, Spartanburg County could be liable for the acts of Corporal Mercer only if he was acting inside the scope of his official duties and without actual malice or intent to harm. As the court has already recognized, a dispute exists as to whether Corporal Mercer acted with intent to harm plaintiff. If a jury finds that Corporal Mercer did act with an intent to harm plaintiff, Spartanburg County could not be held liable for his actions. Likewise, if a jury determines Corporal Mercer was acting within the scope of his employment (i.e., his actions were appropriate under the circumstances and jail policy), it follows that he was not grossly negligent and Spartanburg County is protected by S.C. Code Ann. § 15-78-60(25). Plaintiff's state law claims against Spartanburg County must therefore be dismissed.

F.    Plaintiff's § 1983 claim against Spartanburg County

Plaintiff objects to the magistrate judge's determination that Spartanburg County is entitled to summary judgment on the § 1983 claim. The magistrate judge concluded that plaintiff's policies regarding the SCDF were not implicated. Although plaintiff's objection to the Report includes allegations that Spartanburg County's policies or customs were in fact implicated, the court finds that plaintiff failed to allege any such policy or custom in his complaint. The court agrees with the magistrate judge's determination that Spartanburg County is entitled to summary judgment on the § 1983 claim.

G.    Plaintiff's claim against the Spartanburg County Sheriff

The court agrees with the magistrate judge's conclusion that a county Sheriff is

entitled to Eleventh Amendment protection. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that sheriff was entitled to Eleventh Amendment immunity under § 1983 for money damages). To the extent that plaintiff argues that Eleventh Amendment immunity does not protect state officials in their official capacities from § 1983 claims for injunctive relief, plaintiff is correct. However, any injunctive relief sought by plaintiff against the Spartanburg County Sheriff is now moot, as the record establishes he is no longer being held at the SCDF.[3] Therefore, the Spartanburg County Sheriff is entitled to summary judgment.

### H.     Corporal Mercer is not protected by qualified immunity

The magistrate judge found that Corporal Mercer was entitled to qualified immunity on the basis that plaintiff was not deprived of any constitutional rights. The court disagrees.

Qualified immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mazuz v. Maryland, 442 F.3d 217, 225 (4th Cir. 2006). This theory "protects law enforcement officers from 'bad guesses in gray areas' and ensures that they are liable only for 'transgressing bright lines.'" Waterman v. Batton, 393 F.3d 471, 476 (4th Cir. 2005) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir.1992)). In considering the applicability of qualified immunity, the court must "(1) identifi[y] . . . the specific

---

[2] Plaintiff was admitted to the South Carolina Department of Corrections on November 3, 2004, to serve a 20 year sentence including the offense of strong arm robbery. (Powers Aff. § 8, Ex. C, D, and E.)

13

right allegedly violated; (2) determin[e] whether at the time of the alleged violation the right was clearly established; and (3) if so, then determin[e] whether a reasonable person in the officer's position would have known that doing what he did would violate that right." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992).

The court finds that Corporal Mercer is not entitled to qualified immunity. Plaintiff has sufficiently alleged a claim of excessive force in violation of the Constitution. The Fourth Circuit has clearly established that the malicious and sadistic application of force against a pretrial detainee for the very purpose of causing harm violates the Due Process Clause of the Fourteenth Amendment. Taylor v. McDuffie, 155 F.3d at 483 (quoting Whitley v. Albers, 475 U.S. at 320). As the court has already noted, an issue of fact exists as to whether Corporal Mercer's actions were malicious and sadistic in nature. If plaintiff's version of the facts are true, a reasonable person in Corporal Mercer's position would have known that their actions violated plaintiff's right to be free from excessive force.

## V.     CONCLUSION

For the reasons stated above, it is, therefore, **ORDERED** that defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion for summary judgment is **DENIED** as to plaintiff's § 1983 claim for excessive force and plaintiff's state law claims against Corporal Mercer. Defendants' motion for summary judgment is **GRANTED** as to all remaining claims. Defendants Spartanburg County, Spartanburg County Jail, and Spartanburg County Sheriff are all **DISMISSED**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 2007**
**Charleston, South Carolina**